**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____________ District of Delaware
(State)

Case number (*If known*): _____________ Chapter 11

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/25

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

**1. Debtor's name** — **SB Yen's Management Group, Inc.**

**2. All other names debtor used in the last 8 years**

Include any assumed names, trade names, and *doing business as* names

**3. Debtor's federal Employer Identification Number** (EIN) — **36-3881132**

**4. Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **806 N York Rd**<br>Number Street | Number Street |
| | P.O. Box |
| **Hinsdale, IL 60521**<br>City State ZIP Code | City State ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| County | Number Street |
| | City State ZIP Code |

**5. Debtor's website** (URL)

Company Code:

Debtor SB Yen's Management Group, Inc. Case Number *(if known)* ____________________

**6. Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding LLP)
☐ Other. Specify: ____________________

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☒ None of the above

A. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

B. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

**721110**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7
☐ Chapter 9
☒ Chapter 11. *Check all that apply*:

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes. District ____________ When ____________ Case number ____________
MM / DD / YYYY
District ____________ When ____________ Case number ____________
MM / DD / YYYY

Debtor SB Yen's Management Group, Inc. Case Number *(if known)* ____________

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☒ No

☐ Yes. Debtor See Schedule 1 Relationship See Schedule 1

District District of Delaware When ____________ MM / DD / YYYY

Case number, if known ____________

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? ____________

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other ____________

**Where is the property?** ____________

Number Street

____________

City State ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency ____________

Contact name ____________

Phone ____________

## Statistical and administrative information

**13. Debtor's estimation of available funds (Consolidated)**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors (Consolidated)**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☒ 200-999 | | |

**15. Estimated assets (Consolidated)**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☒ $100,000,001-$500 million | ☐ More than $50 billion |

**16. Estimated liabilities (Consolidated)**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☒ $100,000,001-$500 million | ☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **03/08/2026**
MM / DD / YYYY

✘ **/s/ Su-Mei Yen**
Signature of authorized representative of debtor

**Su-Mei Yen**
Printed name

Title **Owner**

**18. Signature of attorney**

✘ **/s/ Rafael X. Zahralddin**
Signature of attorney for debtor

Date **03/08/2026**
MM / DD / YYYY

**Rafael X. Zahralddin**
Printed name

**Lewis Brisbois Bisgaard & Smith, LLP**
Firm name

**500 Delaware Ave, Suite 700**
Number Street

**Wilmington, DE 19801**
City State ZIP Code

**302-985-6004**
Contact phone

**Rafael.Zahralddin@lewisbrisbois.com**
Email address

**004166**
Bar number

**Delaware**
State

**Fill in this information to identify the case and this filing:**

Debtor Name SB Yen's Management Group, Inc.

United States Bankruptcy Court for the: ______________________ District of Delaware
(State)

Case number (*If known*): ________________________

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors

12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ____
- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Form 204)
- ☐ Other document that requires a declaration ____________________

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 03/08/2026
MM / DD / YYYY

✘ /s/ Su-Mei Yen
Signature of individual signing on behalf of debtor

Su-Mei Yen
Printed name

Owner
Position or relationship to debtor

**Schedule 1**

**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the District of Delaware for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of BY Hotel SPE-3 LLC.

- BY Hotel SPE-3 LLC
- 1101 Wabash Development LLC
- 1101 Wabash Development Mezz LLC
- 1101 Wabash Development SPE LLC
- Pacific Tai Mezz LLC
- Pacific Tai, LLC
- SB Yen's Management Group, Inc.
- Wabash 11th LLC
- Wabash 11th Mezz LLC

**1101 WABASH DEVELOPMENT MEZZ, LLC, WABASH 11TH MEZZ LLC, PACIFIC TAI MEZZ LLC, BY HOTEL SPE-3 LLC, 1101 WABASH DEVELOPMENT SPE LLC, WABASH 11TH LLC, 1101 WABASH DEVELOPMENT LLC, PACIFIC TAI, LLC, SB YEN'S MANAGEMENT GROUP, INC,**

**RESOLUTIONS OF THE MEMBER AND INDEPENDENT MANAGERS/SPECIAL MEMBERS**

March 6, 2026

WHEREAS, the Independent Managers/Special Members ("Independent Director(s)") and the Member ("Member", collectively with the Independent Directors, the "Board") of 1101 Wabash Development Mezz, LLC, a Delaware Limited Liability Company, Wabash 11th Mezz LLC, a Delaware Limited Liability Company, Pacific Tai Mezz LLC, a Delaware Limited Liability Company, By Hotel SPE-3 LLC, a Delaware Limited Liability Company, 1101 Wabash Development SPE LLC, a Delaware Limited Liability Company, Wabash 11th LLC, an Illinois Limited Liability Company, 1101 Wabash Development LLC, an Illinois limited liability company, Pacific Tai, LLC, an Illinois limited liability company, and SB Yen's Management Group, Inc, an Illinois corporation, (each a "Company" or "Filing Company" and collectively, the "Companies" or "Filing Companies"), has reviewed and had the opportunity to ask questions about the materials presented by the management and the legal and financial advisors of the Companies regarding the liabilities and liquidity of the Companies, the strategic alternatives available, and the impact of the foregoing on the Companies' businesses;

WHEREAS, the Board has had the opportunity to consult with the management of the Companies, the financial advisors of the Companies and the legal advisors of the Board and the Companies to fully consider each of the strategic alternatives available to the Companies;

WHEREAS, the Board has considered presentations by management and the financial and legal advisors of the Companies regarding a filing under Chapter 11 of the United States Bankruptcy Code;

WHEREAS, the Companies appointed the Independent Directors and revised the operating agreements of the Companies to empower, to the extent the Independent Directors deem advisable, consider, explore, review, analyze, and evaluate one or more strategies and alternatives regarding the management of the Companies' liabilities and liquidity,

(b) review, evaluate, structure and, if deemed sufficiently attractive, negotiate the terms and provisions, and determine the advisability, of one or more of such alternatives and (c) make a recommendation to the full Board to approve or disapprove such an alternative;

WHEREAS, the Board has reviewed and considered presentations by management and the financial and legal advisors of the Companies regarding the advantages and disadvantages of each Filing Company and has received, reviewed and considered the recommendations of, and the materials presented by, the management of the Companies, the Companies' legal, financial and other advisors, and the legal advisors of the Board as to the relative risks and benefits of pursuing a case under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code");

WHEREAS, the Independent Directors have reviewed with the Members, senior management, the financial advisors of the Companies, and the legal advisors of the Board and the Companies, the resolutions set forth below;

WHEREAS, the Independent Directors have (a) determined that taking the actions set forth below and the transactions contemplated hereby are advisable and fair to and in the best interests of each Filing Company (as defined below) and its stakeholders, and therefore has (b) recommended to the Board that it adopt the resolutions set forth below and authorize and approve the transactions, agreements and actions contemplated hereby; and

WHEREAS, the Board, with the recommendation, full unanimous endorsement, and vote of the Independent Directors, believes that taking the actions set forth below is in the best interests of each Filing Company and its stakeholders and, therefore, desires to approve the following resolutions:

I. Commencement of Chapter 11 Case

NOW, THEREFORE, BE IT RESOLVED, that the Board has determined, after due consultation with the management of the Companies, the financial advisors of the Companies and the legal advisors of the Board and the Companies, and after consideration of the recommendation set forth by the Independent Directors, that it is desirable and in the best interests of the Companies and each Filing Company's stakeholders that each Filing Company shall be, and hereby is, authorized to file, or cause to be filed, a petition seeking relief (each case, a "Chapter 11 Case") under the provisions of chapter 11 of the Bankruptcy Code, and any other petition for relief or recognition or other order that may be desirable under applicable law in the United States;

RESOLVED FURTHER, that each manager, member, officer or director of each Filing Company, as well as, in each case, Sui-Me Yen and Cassie Yen (each, an "Authorized

Person"), is authorized, empowered and directed to execute and file in the name and on behalf of each Filing Company, and under its corporate seal or otherwise, all plans, petitions, schedules, statements, motions, lists, applications, pleadings, orders, and other documents in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers, and other professionals, ( individually and collectively "Authorized Person(s)") and to take and perform any and all further acts and deeds which such Authorized Person, who may act without the joinder of any other Authorized Person, deems necessary, proper, or desirable in connection with each Filing Company's Chapter 11 Case, including (a) negotiating, executing, delivering and performing any and all documents, agreements, certificates, and instruments in connection with the transactions and professional retentions set forth in this resolution, (b) appearing as necessary at all bankruptcy proceedings in the Bankruptcy Court on behalf of each applicable Filing Company and (c) paying all such expenses where necessary or appropriate in order to carry out fully the intent and accomplish the purposes of the resolutions adopted herein;

RESOLVED FURTHER, that each Filing Company is authorized, and each Authorized Person shall be, and hereby is, authorized, empowered and directed on behalf of and in the name of each Filing Company, to seek to have its Chapter 11 Case jointly administered by the Bankruptcy Court with the separate cases commenced by the other Filing Companies under Chapter 11 of the Bankruptcy Code (the respective Chapter 11 Case together with such other separate cases, the "Chapter 11 Cases"); and

RESOLVED FURTHER, that, consistent with the operating agreements of the Companies, but for the avoidance of doubt, notwithstanding Section 18-304 of the Delaware Limited Liability Company Act (the "Delaware LLC Act"), or any other applicable law, as applicable, (a) (i) the bankruptcy (as defined in Sections 18-101(1) and 18-304 of the Delaware LLC Act, ("bankruptcy") of any member of any Company that is a limited liability company shall not cause such member to cease to be a member of such Company, (ii) upon the bankruptcy of any such member, such member shall continue to be a member of such Company, (iii) for the avoidance of doubt, the Board hereby consents to and agrees that no event set forth in Section 18-304 of the Delaware LLC Act with respect to a member of such Company shall cause such member to cease to be a member of such Company, and (iv) each such Company shall be continued without dissolution following the bankruptcy of any such member and (b) to the extent required under applicable law to effect the foregoing clause (a), the limited liability company agreement or operating agreement, as applicable, of each such Company of which the Company is the sole member is hereby amended to provide that the bankruptcy of the Company shall not cause the Company to cease to be a member

of such Company and, in any such event, such Company shall continue without dissolution (and this consent shall be governed by the laws of the State of Delaware (with respect to any Company (that is a Delaware limited liability company), to the extent such amendment is required under applicable law).

II. Retention of Advisors

RESOLVED, that each Authorized Person shall be, and hereby is, authorized, empowered and directed on behalf of and in the name of each Filing Company to retain the law firm of Lewis, Brisbois, Bisgaard, and Smith, LLP, 500 Delaware Ave Suite 700, Wilmington, DE 19801 as counsel for such Filing Company in each Chapter 11 Case, subject to Bankruptcy Court approval;

RESOLVED FURTHER, that each Authorized Person shall be, and hereby is, authorized, empowered and directed on behalf of and in the name of each Filing Company to retain Getzler Henrich & Associates LLC, a Hilco Global Company, 295 Madison Avenue, 20th Floor, New York, NY 10017 as financial advisors for such Filing Company in each Chapter 11 Case, subject to Bankruptcy Court approval; and

RESOLVED FURTHER, that each Authorized Person shall be, and hereby is, authorized, empowered and directed on behalf of and in the name of each Filing Company to retain a claims and noticing agent pursuant to the requirements of the United States Bankruptcy Court for the District of Delaware.

III. Cash Collateral

RESOLVED, that the Board has determined, after due consultation with the management of the Companies, the financial advisors of the Companies and the legal advisors of the Board and the Companies, that it is desirable and in the best interests of each Filing Company and its stakeholders to obtain the benefits of debtor in possession financing, if necessary, and from the use of cash collateral (the “Cash Collateral,” as such term is defined in section 363(a) of the Bankruptcy Code), which is security for certain of the Filing Companies’ prepetition secured lenders under certain credit facilities by and among such Filing Companies, the guarantors party thereto, and the lenders party thereto (the “Prepetition Secured Parties”);

RESOLVED FURTHER, that each Filing Company is authorized, and each Authorized Person shall be, and hereby is, authorized, empowered and directed on behalf of and in the name of each Filing Company, to seek approval of debtor in possession in financing, if available, and the use of cash collateral pursuant to a debtor in possession, if applicable, and cash collateral order in interim and final form (a “Cash Collateral Order”), and, to the extent applicable to each Filing Company, any Authorized Person be, and hereby is, authorized,

empowered and directed to negotiate, execute (under the common seal of such Filing Company, if appropriate), and deliver any and all agreements, instruments, or documents, by or on behalf of each Filing Company, necessary or advisable to implement the Cash Collateral Order, including providing for adequate protection to the Prepetition Secured Parties in accordance with section 363 of the Bankruptcy Code, the grant of replacement liens and any additional or further agreements for the use of Cash Collateral in connection with the Chapter 11 Cases, which agreement(s) may require such Filing Company to grant adequate protection and security interests to the Prepetition Secured Parties and each other agreement, instrument, or document to be executed and delivered in connection therewith, by or on behalf of such Filing Company pursuant thereto or in connection therewith, all with such changes therein and additions thereto as any Authorized Person in his or her absolute discretion approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof; and

RESOLVED FURTHER, that each Filing Company is authorized, and each Authorized Person shall be, and hereby is, authorized, empowered and directed on behalf of and in the name of each Filing Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of the Cash Collateral Order or to do such other things which shall in his or her absolute discretion be necessary, desirable, proper, or advisable to give effect to the foregoing resolutions, which determination shall be conclusively evidenced by his or her execution thereof.

IV. General Authorization and Ratification

RESOLVED, that each Authorized Person be, and each, acting alone, hereby is, authorized, empowered and directed, for and on behalf of each Filing Company to (a) do and perform all such acts and things and enter into, execute, acknowledge, deliver, and file all such certificates, agreements, acknowledgments, instruments, contracts, statements, and other documents and to take such further actions as such Authorized Person may deem necessary or appropriate to effect the intent and accomplish the purposes of the foregoing resolutions, with the taking of any such action by such Authorized Person being conclusive evidence that the same did meet such standards as set forth above, (b) perform the obligations of the Filing Companies under the Bankruptcy Code, with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices and documents to be executed and delivered in such form, as the Authorized Person performing or executing the same shall approve, and the performance or execution thereof by such Authorized Person shall be conclusive evidence of the approval thereof by such Authorized Person, by the Board and by the applicable Filing Companies and (c) pay fees

and expenses in connection with the transactions contemplated by the foregoing resolutions;

RESOLVED FURTHER, the Board has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Filing Companies, or hereby waives any right to have received such notice; and

RESOLVED FURTHER, that any and all actions taken by an Authorized Person prior to the date of adoption of the foregoing resolutions, which would have been authorized by the foregoing resolutions but for the fact that such actions were taken prior to such date, be, and each hereby is, ratified, approved, confirmed, and adopted as a duly authorized act of each Filing Company in all respects and for all purposes.

IN WITNESS WHEREOF, the undersigned, being the Independent Managers of the respective Companies have executed this written consent as of the 6th day of March, 2026.

C. Anthony Shippam
Independent Manager/Special Member

Elizabeth Beachell
Independent Manager/Special Member

Gregory S. Harrison
Independent Manager/Special Member

Kelly Gates-Markwardt
Independent Manager/Special Member

Su-Mei Yen
Manager Member

Cassie Yen
Manager Member

Docusign Envelope ID: A84FE0E2-779A-87E2-83EB-D9A24232198A


and expenses in connection with the transactions contemplated by the foregoing resolutions;

RESOLVED FURTHER, the Board has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Filing Companies, or hereby waives any right to have received such notice; and

RESOLVED FURTHER, that any and all actions taken by an Authorized Person prior to the date of adoption of the foregoing resolutions, which would have been authorized by the foregoing resolutions but for the fact that such actions were taken prior to such date, be, and each hereby is, ratified, approved, confirmed, and adopted as a duly authorized act of each Filing Company in all respects and for all purposes.

IN WITNESS WHEREOF, the undersigned, being the Independent Managers of the respective Companies have executed this written consent as of the 6th day of March, 2026.

____________________________
C. Anthony Shippam
Independent Manager/Special Member

____________________________
Elizabeth Beachell
Independent Manager/Special Member

____________________________
Gregory S. Harrison
Independent Manager/Special Member

____________________________
Kelly Gates-Markwardt
Independent Manager/Special Member

DocuSigned by:
Su-Mei Yen
9A0364A6B267404...
Su-Mei Yen
Manager Member

DocuSigned by:
Cassie Yen
33ED4D7CFEEC436...
Cassie Yen
Manager Member